**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMON PIERRE VINCENT, | : | Civil No. 3:26-cv-570 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Ramon Vincent ("Vincent"), an inmate in the custody of the Federal Bureau of Prisons ("BOP"). (Doc. 1). The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

### I.    Background

In the habeas petition, Vincent alleges that medical staff at USP-Canaan are "incompetent" and provided inadequate medical care. (Doc. 1, at 2-4). He asserts that

---

[1]    *See* R. GOVERNING § 2254 CASES R. 4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the Court. *Id.* at R. 1(b).

medical staff were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (*Id.* at 1, 5). For relief, Vincent seeks release from custody. (*Id.* at 6).

## II.    Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

"Conversely, when the challenge is to a condition of confinement such that a finding in [petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. "[H]abeas corpus is *not* an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)) (emphasis in original).

Vincent's petition plainly involves conditions of confinement. An inadequate medical care claim does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a § 2241 petition. *See*

2

*Preiser,* 411 U.S. at 500; *Leamer,* 288 F.3d at 542-44.  Consequently, the petition will be dismissed without prejudice to Vincent's right to reassert his claim in a properly filed civil rights action.

## III.    Conclusion

The Court will dismiss the petition for writ of habeas.  (Doc. 1).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ___10___, 2026